# United States District Court
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| ADAPTIX, INC. | § | |
| | § | |
| v. | § | Case No. 6:12-cv-17 |
| | § | |
| LG ELECTRONICS, INC., | § | |
| LG ELECTRONICS USA, INC., | § | |
| and AT&T MOBILITY LLC | § | |

| | | |
|---|---|---|
| ADAPTIX, INC. | § | |
| | § | |
| v. | § | Case No. 6:12-cv-120 |
| | § | |
| LG ELECTRONICS, INC., | § | |
| LG ELECTRONICS USA, INC., | § | |
| and CELLCO PARTNERSHIP | § | |
| d/b/a Verizon Wireless | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motions to transfer venue[1] (6:12-cv-17, Doc. No. 57 and 6:12-cv-120, Doc. No. 40). Having fully considered the parties' arguments, the undisputed facts, and the applicable law, the Court **DENIES** the motions.

### I. BACKGROUND

This litigation involves alleged patent infringement of two related patents: U.S. Patent Nos. 6,947,748 (the '748 patent) and 7,454,212 (the '212 patent). In general, the patents cover

---

[1] Defendants in this case and several related cases filed identical motions to transfer. *See. e.g.*, Defs.' Mot. to Transfer Venue, *Adaptix, Inc. v. AT&T Mobility LLC*, No. 6:12cv17 (E.D. Tex. Aug. 13, 2012), ECF No. 57. This opinion only applies to the cases listed in the caption. The Court may consider earlier or copending cases to assess judicial economy in the transfer analysis. *See In re EMC Corp.*, No. 142, 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013). But this case and the other related cases have not been consolidated for trial or for venue purposes (6:12-cv-120, Doc. No. 50 at 4 (consolidating cases for all *pretrial* purposes other than venue)). Thus, the Court looks only to the evidence and witnesses of the Defendants named in these particular cases when considering the convenience factors.

technology related to the 4G LTE communications standard. Plaintiff accuses Defendants of infringing the patents based on the sale and use of three LG products: the LG Nitro, the LG Spectrum, and the LG Revolution.

Adaptix is a Delaware corporation with its principal place of business in Carrolton, Texas.[2] LG Electronics, Inc. is a Korean corporation and LG Electronics USA, Inc., a wholly owned subsidiary, is a Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey. Verizon is a Delaware corporation with its principle place of business in Basking Ridge, New Jersey. AT&T Mobility LLC is a Delaware entity with its principal place of business in Atlanta.

Defendants argue that Plaintiff's claims against them should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes transfer and urges that Defendants cannot show that the Northern District of California is a clearly more convenient forum.

## II.     LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A threshold inquiry is whether the suit "might have been brought" in the proposed transferee venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) (*Volkswagen II*). Once a defendant satisfies that burden, the Court weighs certain factors to determine if transfer is warranted. *Volkswagen II*, 545 F.3d at 314 n.9; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507–08 (1947). The moving party must show good cause by demonstrating the transferee venue is clearly more convenient. *Volkswagen II*, 545 F.3d at 314.

---

[2] Adaptix's parent company is Acacia Research Group, which is headquartered in the Central District of California. Acacia also has a Frisco, Texas office.

Otherwise, a plaintiff's choice of venue must be respected because that choice places the burden on the defendant to demonstrate why venue should be transferred. *Id.* at 315 n.10.

When deciding whether to transfer an action, the Court balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *Volkswagen II,* 545 F.3d at 315; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). The relevant factors are divided between these private and public interests. *Gilbert*, 330 U.S. at 508. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quotation omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (quotation omitted). These factors are not exhaustive, and no single factor is dispositive. *Id.*

### III.   DISCUSSION

The first question the Court must address when considering a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit originally could have been filed in the destination venue, here, the Northern District of California. *Volkswagen II*, 545 F.3d at 312. The movants bear the burden of establishing personal jurisdiction and venue as to all defendants in the transferee forum. *See Chirife v. St. Jude Med., Inc.*, No. 6:08-CV-480, 2009 WL 1684563, at *1 (E.D. Tex. June 16, 2009). This determination is made as the circumstances existed at the time of filing. *See Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

Plaintiff argues that Defendants have not satisfied their burden to demonstrate that this case could originally have been filed in the Northern District of California. Defendants argue that (1) they have demonstrated sufficient contacts with the Northern District of California to establish that this case could have been filed there, and (2) Defendants have consented to jurisdiction in the Northern District of California by filing this action.

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporation resides in any division with which it has minimum contacts. 28 U.S.C. 1391(c) & (d). The relevant inquiry is whether jurisdiction and venue existed at the time this action was filed. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Thus, post-filing consent to jurisdiction in the transferee forum is irrelevant to the transfer analysis. *Id.*

LGE Electronics, Inc. and LG Electronics USA, Inc. (collectively, LGE) use a San Diego-based subsidiary to import, market, and sell the accused products in the United States. All of the contacts between the LGE defendants and the transferee forum are through the subsidiary. Generally, the contacts of a subsidiary are not imputed to the parent for purposes of personal jurisdiction. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F. 3d 1122, 1134 (9th Cir. 2003). Plaintiff makes no attempt to connect LGE USA to the transferee forum or demonstrate that an exception to the general rule applies. Accordingly, Defendants have failed to meet their burden to show that this case could have been brought in the transferee forum.

## IV. CONCLUSION

Defendants failed to satisfy their burden on the threshold issue. Thus, their motion based on the accused LG devices (6:12-cv-17, Doc. No. 57 and 6:12-cv-120, Doc. No. 40) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 28th day of March, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE