# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC. § | | |
|                 **Plaintiff** § | | |
| § | | |
| V. § | No. 6:12CV17 | |
| § | | |
| AT&T MOBILITY, LLC, ET AL. § | | |
|                 **Defendants** § | | |

| | | |
|---|---|---|
| ADAPTIX, INC. § | | |
|                 **Plaintiff** § | | |
| § | | |
| V. § | No. 6:12CV20 | |
| § | | |
| PANTECH WIRELESS, INC., ET AL. § | | |
|                 **Defendants** § | | |

| | | |
|---|---|---|
| ADAPTIX, INC. § | | |
|                 **Plaintiff** § | | |
| § | | |
| V. § | No. 6:12CV120 | |
| § | | |
| CELLCO PARTNERSHIP d/b/a § | | |
| VERIZON WIRELESS, ET AL. § | | |
|                 **Defendants** § | | |

## ORDER

The above-entitled and numbered causes of action were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following pending motions are before the Court:

- Plaintiff's Motion for Leave to Supplement Infringement Contentions Pursuant to P.R. 3-6(b) (Docket Entry #s 98, 87 & 80);

- AT&T Mobility LLC, LG Electronics, Inc., LG Electronics U.S.A., Inc., and Cellco Partnership d/b/a Verizon Wireless' Motion to Compel Proper Interrogatory Responses and Document Production (Docket Entry #s 99, 88 & 81);

- Cross Motion to Compel Adaptix to Comply with P.R. 3-1 (Docket Entry #s 116, 107 & 98);

- Defendants' Motion to Stay Proceedings Pending Realignment with Plaintiff's Sixteen Recently Filed Identical Actions (Docket Entry #s 120, 115 & 102 );

- Plaintiff's Motion for Leave to Amend Infringement Contentions Pursuant to P.R. 3-6(b) (Docket Entry #s 128, 127 & 111);

- Defendants' Motion for Leave to File a Motion for Summary Judgment of Indefiniteness Without a Letter Brief (Docket Entry #s 142, 141 & 125);

- Plaintiff Adaptix's Unopposed Motion for a Hearing on Defendants' Pending Motion to Compel Document Production and Motion to Stay Proceedings Pending Realignment with Adaptix's Sixteen Newly-Filed Actions (Docket Entry #145, 144 & 128); and

- Defendants' Motion for Lodging of their Motion for Summary Judgment of Indefiniteness Under 35 U.S.C. §112(b)(Docket Entry #s 150, 149 &133).

The Court, having carefully reviewed the relevant briefing, issues the following order.

## I. BACKGROUND

On September 11, 2012, Chief Judge Davis consolidated eight *Adaptix* lawsuits, including the above cases, for all pretrial issues (except venue). In January 2013, the *Adaptix* cases were reassigned to Judge Schneider. After granting motions to transfer venue in several of the *Adaptix* cases, including the Lead Case, Judge Schneider vacated the consolidation order and referred the remaining *Adaptix* cases to the undersigned for pretrial purposes. The undersigned currently has scheduled a combined claim construction technology tutorial and hearing Monday, September 9, 2013 in Tyler. Currently pending are numerous discovery motions and motions to supplement or amend infringement contentions. Defendants have also filed a motion to stay the above proceedings to allow the Court to align the schedules in these cases with sixteen newly-filed *Adaptix* cases. (Cause Nos. 6:13cv424 & 6:13cv432-446). Finally, in two separate motions, Defendants seek leave

to file a motion for summary judgment of indefiniteness without a letter brief. The Court considers each pending motion in turn below.

## II. PLAINTIFF'S MOTIONS TO SUPPLEMENT/AMEND INFRINGEMENT CONTENTIONS AND CROSS MOTION TO COMPEL

Plaintiff Adaptix, Inc. ("Adaptix") moves pursuant to P.R. 3-6(b) to amend and supplement its Original Infringement Contentions served June 10, 2012 on Defendants Cellco Partnership d/b/a Verizon Wireless ("Verizon"), AT&T Mobility LLC ("ATT"), LG Electronics, Inc. and LG Electronics USA, Inc. ("LG"), and Pantech Wireless, Inc. ("Pantech") (collectively "Defendants"). In its first motion, Adaptix seeks leave to supplement its infringement contentions to "complement[] the Original Infringement Contentions (1) in light of Defendants' requests that Adaptix do the same; (2) by adding new accused devices to its P.R. 3-1(c) claim charts that were not on the market or known at the time Adaptix's Original Contentions were prepared and served; and (3) by adding new asserted claims of the relevant suit patents to more particularly point out Adaptix's infringement contentions and theories." (Docket Entry # 98 at pg. 1). In a second motion, Adaptix seeks leave to file a second supplementation to add only two devices to the first supplement, but in only Cause Nos. 6:12cv17 and 6:12cv20. (Docket Entry #128).

The patents-in-suit generally relate to the so-called LTE Standard as provided in smartphone devices and other portable computer devices. Adaptix asserts the new devices it seeks to add to its infringement contentions are relatively new on the market and utilize the same LTE chipset as in the originally-accused devices. Adaptix asserts the proposed supplements will not result in the assertion of any new or undefined infringement theories.

Pursuant to P.R. 3-6(b), a patent owner may amend or supplement its infringement

...

contentions with leave of the Court "upon a showing of good cause." The Court has broad discretion to grant motions to amend and considers the following four factors in determining whether a party should be permitted to amend its infringement contentions after the deadline contained in the scheduling order: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the thing that would be excluded if leave to amend was not granted; (3) the potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Arbitron, Inc. v. Int'l Demographics Inc.*, 2009 WL 166555, at *1 (E.D. Tex. Jan. 16, 2009).

Considering the totality of the circumstances underlying Adaptix's explanation, the Court finds its explanation reasonable under those circumstances. The Court finds good cause exists to allow amendment of Adaptix's infringement contentions to add new products, some of which were not on the market at the time of the original P.R. 3-1 deadline. *See, e.g., MASS Engineered Design, Inc. v. Ergotron, Inc.*, 2008 WL 1930299, at *3 (E.D. Tex. Apr. 30, 2008). Allowing the amendments will enable Adaptix to conform its infringement contentions against Defendants under each of the originally-asserted patents, thereby providing a clear record with respect to Defendants' accused devices. Any prejudice to Defendants can be minimized by allowing Defendant to supplement their invalidity and claim construction disclosures.[1]

In addition to granting Adaptix leave to file its first and second supplements, the Court also grants Defendants' cross motion to compel. Within sixty days from the date of entry of this Order,

---

[1] If Adaptix is permitted to expand the scope of these cases, Defendants submit a substantial continuance of the remaining deadlines would be appropriate. The Court addresses the remaining deadlines in its discussion on Defendants' motion to stay.

Adaptix shall amend its supplemental infringement contentions to provide detailed, product-specific information regarding which feature or functionality in each accused drive is alleged to practice each limitation of each asserted claim.

### III. MOTION TO COMPEL INTERROGATORY RESPONSES AND DOCUMENT PRODUCTION

Verizon, AT&T & LG[2] ask the Court to compel Adaptix to produce the following: (1) documents numbered ADAP_0003537 through ADAP_0190221(Adaptix's purported LPR 3-2(a) production) in a usable format that enables Defendants to match emails with their attachments; and (2) full and complete responses to Defendants' Interrogatory Nos. 1-10. These defendants also seek an Order precluding Adaptix from presenting arguments and evidence relating to the subject matter of Interrogatory Nos. 7 and 9, unless such discovery is disclosed in the supplemental responses ordered by the Court. The Court, having carefully reviewed the relevant briefing, does not find Adaptix's interrogatory responses or document production (including the June 10, 2012 production) deficient. Defendants' motion to compel interrogatory responses and document production is denied.

### IV. DEFENDANTS' MOTION TO STAY PROCEEDINGS

Defendants move the Court to stay the deadlines and proceedings in the present actions to allow the Court to align the schedules in the present cases with the sixteen cases that Adaptix recently filed involving the same patents and accused industry standard. A district court has the inherent authority to stay proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936).

---

[2] In Cause No. 6:12cv20, Pantech joins AT&T, LG & Verizon's motion to compel.

In deciding whether to stay a proceeding, the Court "must weigh competing interests and maintain an even balance." *Id.* at 254–55. In particular, the Court "must first identify a pressing need for the stay, and then balance those interests against interests frustrated by the action." *In re Sacramento Mun. Util. Dist.*, 395 F. App'x 684, 687–88 (Fed. Cir. 2010) (citing *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)); *see also Nguyen v. BP Exploration & Prod., Inc.*, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010) (addressing factors such as: (1) the potential prejudice to the nonmoving party from a brief stay; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation).

The Court, having considered the above factors, will not formally stay these proceedings to "realign" them with the sixteen recently-filed *Adaptix* cases. These cases have not even been certified as ready for scheduling conference. Judicial economy does not warrant staying these cases for an indefinite period of time in order to align them with the other *Adaptix* cases. However, given Adaptix's supplemental infringement contentions and the complexity of the discovery issues in this case, the Court will reschedule the combined claim construction hearing to March 5, 2014, six months from its current setting. Contemporaneously with this Order, the Court is issuing an Amended Scheduling and Discovery Order.

### V. DEFENDANTS' MOTIONS FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT OF INDEFINITENESS

Defendants move the Court for leave to file a motion for summary judgment of indefiniteness without a letter brief. Even though Defendants inadvertently failed to file a letter brief sixty days prior to the deadline for filing motions for summary judgment of indefiniteness, the Court will allow

Defendants to file their motion without a letter brief. The Amended Scheduling and Discovery Order will provide a deadline for the filing of Defendants' motion. The parties are instructed to follow the Local Rules in responding to the motion for summary judgment of indefiniteness.

Based on the foregoing, it is

**ORDERED** that Plaintiff's Motion for Leave to Supplement Infringement Contentions Pursuant to P.R. 3-6(b) (Docket Entry #s 98, 87 & 80), Plaintiff's Motion for Leave to Amend Infringement Contentions Pursuant to P.R. 3-6(b) (Docket Entry #s 128, 127 & 111), and Cross Motion to Compel Adaptix to Comply with P.R. 3-1 (Docket Entry #s 116, 107 & 98) are hereby **GRANTED.** It is further

**ORDERED** that within sixty days from the date of entry of this Order, Adaptix shall amend its supplemental infringement contentions to provide detailed, product-specific information regarding which feature or functionality in each accused drive is alleged to practice each limitation of each asserted claim. It is further

**ORDERED** that AT&T Mobility LLC, LG Electronics, Inc., LG Electronics U.S.A., Inc., and Cellco Partnership d/b/a Verizon Wireless' Motion to Compel Proper Interrogatory Responses and Document Production (Docket Entry #s 99, 88 & 81) is **DENIED**. It is further

**ORDERED** that Defendants' Motion to Stay Proceedings Pending Realignment with Plaintiff's Sixteen Recently Filed Identical Actions (Docket Entry #s 120, 115 & 102 ) is **DENIED**. However, the Court is issuing an Amended Scheduling and Discovery Order rescheduling the combined claim construction hearing to March 5, 2014, six months from its current setting. It is further

**ORDERED** that Adaptix's Unopposed Motion for a Hearing on Defendants' Pending

Motion to Compel Document Production and Motion to Stay Proceedings Pending Realignment with Adaptix's Sixteen Newly-Filed Actions (Docket Entry #145, 144 & 128) is **DENIED**. It is further

**ORDERED** that Defendants' Motion for Leave to File a Motion for Summary Judgment of Indefiniteness Without a Letter Brief (Docket Entry #s 142, 141 & 125); (7) and Defendants' Motion for Lodging of their Motion for Summary Judgment of Indefiniteness Under 35 U.S.C. §112(b)(Docket Entry #s 150, 149 &133) are hereby **GRANTED**.

**SIGNED this 19th day of August, 2013.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE