**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ADAPTIX, INC.,**<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | **No. 6:12CV17** |
| **AT&T MOBILITY LLC, et al.,**<br>　　　　Defendants. | §<br>§<br>§ | |
| **ADAPTIX, INC.,**<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | **No. 6:12CV20** |
| **PANTECH, INC., et. al.**<br>　　　　Defendants. | §<br>§<br>§ | |
| **ADAPTIX, INC.,**<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | |
| **CELLO PARTNERSHIP d/b/a<br>VERIZON WIRELESS, et. al.,**<br>　　　　Defendants. | §<br>§<br>§<br>§ | **No. 6:12CV120** |

## ORDER

Before the Court are the following: (1) Defendants' Objections to Magistrate Judge Craven's Summary Judgment Order and Claim Construction Order (Case No. 6:12-cv-17, Dkt. No. 183)(Case No. 6:12-cv-20, Dkt. No. 202)(Case No. 6:12-cv-120, Dkt. No. 173); and (2) Plaintiff's Opposition to Defendants' Objections to Magistrate Judge Craven's Summary Judgment Order and Claim Construction Order. The Court, having reviewed the relevant briefing, issues the following order.

1

## BACKGROUND

Plaintiff filed the above cases, alleging infringement of United States Patent Nos. 7,454,212 ("'212 Patent") and 6,947,748 ("'748 Patent").  On March 12, 2014, the magistrate judge issued a Memorandum Opinion and Order on claim construction.  On March 24, 2014, the magistrate judge issued a Report and Recommendation on Defendants' Motion for Summary Judgment of Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(b), recommending Defendants' motion be granted as to Claims 2-4 of the '212 Patent but should be otherwise be denied. Defendants object to, and request reconsideration of, two parts of the magistrate judge's Report and Recommendation and one part of the magistrate judge's Memorandum Opinion and Order on claim construction.  The Court first considers Defendants' objections to the magistrate judge's Report and Recommendation on Defendants' motion for summary judgment.

## OBJECTIONS TO THE REPORT AND RECOMMENDATION

Defendants sought summary judgment that Claim 11 of the '748 Patent is invalid under 35 U.S.C. § 112 as indefinite because it impermissibly mixes method limitations in an apparatus claim. The magistrate judge recommended denying this part of Defendants' motion.  Defendants also argued that the "each cluster" limitation in Claims 9-10 of the '212 Patent and Claims 8-9 of the '748 patent renders the claims indefinite.  The magistrate judge disagreed and recommended this part of Defendants' motion also be denied.

In its objections, Defendants assert Claim 11 of the '748 Patent is an impermissible "hybrid" claim.  The arguments presented by Defendants as to this issue have been adequately addressed in the Report and Recommendation.  The Court has conducted a *de novo* review of the magistrate judge's findings and conclusions and finds Defendants' objections are without merit. The Court is of the opinion the findings and conclusions of the magistrate judge are correct.

As to the "each cluster" issue, Defendants argue uncertainty remains as to whether the term "each cluster" found in Claims 9-10 of the '212 Patent and Claims 8-9 of the '748 patent refers back to "plurality of subcarriers" or "set of candidate subcarriers." Defendants reiterate that "each cluster" could refer to any of the "set[s] of subcarriers" found in Claims 1 and 8 of the '212 Patent and Claim 8 of the '748 Patent.

Defendants' objections do not address the magistrate judge's statement that interpreting "each cluster" as referring back to "a set of candidate subcarriers" creates potential inconsistencies with other claim language. In response to the potential for such inconsistencies, the magistrate judge applied a "narrowing construction" by interpreting the word "cluster" as referring to a logical unit that contains at least two physical subcarriers. Such an interpretation appropriately defines the word "cluster" and allows the term "each cluster" to stand on its own. As a result, the term "each cluster" does not suffer from any ambiguity of antecedent basis because the term does not require any antecedent basis. The Court accordingly finds Defendants' arguments regarding Claims 9-10 of the '212 Patent and Claims 8-9 of the '748 patent unpersuasive.

Defendants' objections are without merit. The Court is of the opinion that the findings and conclusions of the magistrate judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

## MOTION FOR RECONSIDERATION ON CLAIM CONSTRUCTION ORDER

Defendants also object to, and seek reconsideration of, the magistrate judge's construction of the so-called "OFDMA terms." Specifically, Defendants re-urge that OFDMA must be used for both uplink and downlink communications. Defendants' arguments are unpersuasive. Twenty-eight U.S.C. § 636(b)(1)(A) and Local Rule 72(b) state that the District

Court shall set aside any portion of the Magistrate's Order that is "clearly erroneous or contrary to law." Defendants have failed to clearly establish a manifest error of law or fact in the magistrate judge's construction of these terms.[1] Accordingly, it is

**ORDERED** that Defendants' Objections to Magistrate Judge Craven's Report and Recommendation on the Summary Judgment of Invalidity based on Indefiniteness and Memorandum Opinion and Order on Claim Construction are **OVERRULED**. Defendants' Motion for Summary Judgment of Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(b) (Case No. 6:12-cv-17, Dkt. No. 157; Case No. 6:12-cv-20, Dkt. No. 159; Case No. 6:12-cv-120, Dkt. No. 140) is accordingly hereby **GRANTED IN PART and DENIED IN PART**. Specifically, Defendants' motion is hereby **GRANTED** as to Claims 2-4 of the '212 Patent. Defendants' motion is otherwise hereby **DENIED.**

It is SO ORDERED.

SIGNED this 29th day of May, 2014.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[1] Defendants assert that the district court must review de novo the magistrate judge's claim construction order. But the Court's local rules establish a clearly erroneous standard when reviewing a magistrate's judge order on non-dispositive matters. Local Rule CV-72(b).

Claim construction is a non-dispositive, pretrial issue that can be referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). SciCo Tec GmbH v. Boston Scientific Corp., 599 F. Supp. 2d 741, 742 (E.D. Tex. 2009). In some circumstances, out of an abundance of caution, the magistrate judge may choose to issue a report and recommendation (under 28 U.S.C. § 636(b)(1)(B)) rather than an order on claim construction (under 28 U.S.C. § 636(b)(1)(A)). See, e.g., Innova Patent Licensing, LLC v. Alcatel-Lucent Holdings, No. 2:10cv251, 2012 WL 2958231, at *1 (E.D. Tex. July 19, 2012). The district judge reviews a report and recommendation under the more demanding de novo standard. Local Rule CV-72(c); Innova Patent Licensing, 2012 WL 2958231, at *1.

But in this case, the magistrate judge issued an order on the non-dispositive issue of claim construction, not a report and recommendation. Accordingly, the clearly erroneous standard applies. Yet, the Court acknowledges that its order will be held to the de novo standard by the appellate court. Thus, the Court determines that even under the more burdensome de novo standard of review, the Court would still agree with and uphold the constructions of the magistrate judge.