**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ADAPTIX, INC.** § | | |
| § | | |
| v. § | **No. 6:12cv17** | |
| § | | |
| **AT&T MOBILITY LLC, ET AL.** § | | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** § | | |
| § | | |
| v. § | **No. 6:12cv20** | |
| § | | |
| **PANTECH WIRELESS, INC., ET AL.** § | | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** § | | |
| § | | |
| v. § | **No. 6:12cv120** | |
| § | | |
| **CELLCO PARTNERSHIP d/b/a** § | | |
| **VERIZON WIRELESS, ET AL.** § | | |

**MEMORANDUM OPINION AND ORDER**

The above cases were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following pending motion is before the Court:

Plaintiff's Motion for Leave to Supplement Infringement Contentions Pursuant to P.R. 3-6(b)(Docket Entry #s 216, 230 & 209).

The Court, having reviewed the relevant briefing and hearing arguments of counsel October 29, 2014, is of the opinion the motion should be **GRANTED**.

**I. BACKGROUND**

Adaptix, Inc. ("Adaptix") brings suit alleging infringement of United States Patents No. 6,870,808 ("'808 Patent"), 6,904,283 ("'283 Patent"), 7,072,315 ("'315 Patent"), 7,146,172 ("'172

Patent"), and 7,573,851 ("'851 Patent") (collectively, the "Asserted Patents"). In general, the Asserted Patents relate to wireless communications, such as for cellular telephones.

## II. MOTION FOR LEAVE TO SUPPLEMENT

In the above cases, Adaptix moves for leave to amend its infringement contentions to assert contributory infringement. According to Adaptix, the proposed amendment does not add any accused additional device(s) of infringing or change the technical analysis of the ways in which the Accused Products allegedly practice the asserted claims of the patents-in-suit; rather, the proposed amendment simply adds a theory that, should it be found that someone other than the defendant in question directly infringes-such as an end-user-the defendant may still be liable under 35 U.S.C.§ 271(c) for contributing to said direct infringement, either by supplying the material used in practicing the claimed method or by supplying a component of the claimed apparatus.

Defendants AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, LG Electronics, Inc., LG Electronics U.S.A., Inc., and Pantech Wireless, Inc. (collectively "Defendants") oppose Adaptix's motion, asserting Apple Inc. ("Apple") first offered to make Qualcomm baseband code available for Adaptix's inspection in January 2013; yet Adaptix waited until February 2014 to being inspecting the Qualcomm baseband code in Apple's possession. According to Defendants, this 13-month delay alone demonstrates a lack of diligence by Adaptix sufficient to defeat Adaptix's motion.

## III. APPLICABLE LAW

Pursuant to Patent Rule 3-6, a party can amend its infringement contentions without leave of court no later than thirty days after service of the Court's claim construction order "[i]f a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires," or with leave of court upon a showing of good cause. Patent Rule 3-6(b) incorporates FED.

R. CIV. P. 16(b)'s "good cause" requirement. *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 849 (E.D. Tex. 2004).

District courts normally consider the following four factors when determining whether good cause exits for amending infringement contentions: (1) the explanation for the failure to meet the deadline; (2) the importance of what the Court is excluding; (3) the potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Alexam, Inc. v. IDT Corp.*, 2011 WL 108725, *1 (E.D. Tex. Jan. 12, 2011). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir.2003).

## IV. GOOD CAUSE ANALYSIS

**A.      Explanation for the failure to meet the deadline**

Adaptix's explanation for not amending its infringement contentions earlier is that it only recently learned via Qualcomm discovery of the likelihood that Defendants may be liable for contributory infringement. Adaptix asserts, after conducting weeks of source code inspection, it took the deposition of third-party Qualcomm on June 24 and 26, 2014. According to Adaptix, it was during the course of this deposition that Adaptix learned Qualcomm's baseband processors used in Defendants' accused handsets have separate hardware and embedded software modules to perform he patented processes and that the infringing modules have no non-infringing use. Based on this discovery, Adaptix states it immediately recognized the need to assert contributory infringement, which had not previously been asserted, and on July 7 served on Defendants its expert reports which fully identified the basis for the contributory infringement theory.

Defendants rely on Judge Grewal's denial of Adaptix's identical motion for leave to amend in the Northern District of California. Judge Grewal denied Adaptix's motion on the basis of lack of diligence alone. According to Defendants, here Adaptix was not diligent because the "reporting mode functionality" on which Adaptix bases its contributory infringement theory is described in the same publicly-available LTE standard on which Adaptix bases its other infringement theories and Apple made the Qualcomm baseband code available for inspection in early 2013. Defendants assert Adaptix was not diligent in subpoenaing and deposing Qualcomm, given it highlighted to Adaptix in August 2012 that Qualcomm witnesses and documents were potentially critical to the claims and defenses in these cases.

Adaptix contends Judge Grewal's ruling in the related Northern District of California actions involving Apple are distinguishable from the situation here. In those cases, Apple had produced its relevant code[1] perhaps as long as nineteen months prior to Adaptix's motion. According to Adaptix, these defendants did not produce their relevant source code when Apple produced its code; rather, Adaptix had to obtain the majority of the relevant code from third-party Qualcomm. Regarding the timing of this discovery, Adaptix explains it expected Defendants to produce their relevant source code but had to pursue Qualcomm discovery only after its effort to get the code from Defendants were thwarted. Adaptix states Qualcomm did not begin providing the code until February 2014; Adaptix then retained experts to review the code; Adaptix was only given the opportunity to depose Qualcomm in late June.

---

[1] According to Adaptix, Apple modified the Qualcomm baseband code internally for use in the Apple products; thus, the code Apple produced contained Apple's modifications. Adaptix asserts it could not use that code as evidence against these defendants.

As Adaptix apparently needed the Qualcomm discovery to identify the validity of asserting an argument based on contributory infringement against these defendants,[2] the Court finds Adaptix's explanation is adequate to survive a finding of lack of diligence.

**B.     Importance of the thing that would be excluded**

According to Adaptix, if its motion is denied Adaptix will be prohibited from asserting its theory of contributory infringement, and this would have a significant impact on the substance and scope of its claims against Defendants. As the new allegations would give Adaptix an alternate means to prove infringement, they are important, and this factor weighs in favor of allowing leave to supplement to add contributory infringement.

**C.     Potential prejudice**

Defendants have been on notice of this proposed amendment since early July, when Defendants were served Adaptix's expert report that sets forth Adaptix's infringement theories. Defendants do not present a strong case for finding significant prejudice that would result from allowing the supplementation. The Court is not convinced, as urged by Defendants, that the proposed amendment would inject confusion into Adaptix's infringement theory. Nor does the Court find Defendants would suffer undue prejudice if the motion is granted. Thus, this factor weighs in favor of allowing supplementation.

---

[2] At the October 29 hearing, Adaptix stated the Qualcomm deposition verified the allegedly infringing modules have no non-infringing uses.

**D.**     **Availability of a continuance to cure such prejudice**

As the Court finds a lack of prejudice in allowing this amendment, it does not address this factor.

**E.**     **Conclusion**

Given the importance of the contributory infringement theory and the absence of any significant prejudice to Defendants in allowing Adaptix leave to amend to assert this theory, the Court finds Adaptix has shown good cause to supplement its infringement contentions to add contributory infringement. Based on the foregoing analysis, it is

**ORDERED** that Plaintiff's Motion for Leave to Supplement Infringement Contentions Pursuant to P.R. 3-6(b)(Docket Entry #s 216, 230 & 209) is **GRANTED**.

**SIGNED this 18th day of November, 2014.**

_/s/ Caroline M. Craven_
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE