**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ADAPTIX, INC.,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | **No. 6:12CV17** | |
| § | | |
| **AT&T MOBILITY LLC, et al.,** § | | |
| Defendants. § | | |
| § | | |
| **ADAPTIX, INC.,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | **No. 6:12CV20** | |
| **PANTECH, INC., et. al.** § | | |
| Defendants. § | | |
| § | | |
| **ADAPTIX, INC.,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| **CELLO PARTNERSHIP d/b/a** § | | |
| **VERIZON WIRELESS, et. al.,** § | **No. 6:12CV120** | |
| Defendants. § | | |

**ORDER GRANTING DEFENDANTS'
MOTION FOR RECONSIDERATION**

Before the Court are the following: (1) Defendants' Motion for Reconsideration of their Motion for Summary Judgment of Invalidity Based on Indefiniteness Under 35 U.S.C. §112(b) (Case No. 6:12-cv-17, Dkt. No. 202)(Case No. 6:12-cv-20, Dkt. No. 219)(Case No. 6:12-cv-120, Dkt. No. 196); (2) Plaintiff's Opposition to Defendants' Motion for Reconsideration of their Motion for Summary Judgment of Invalidity Based on Indefiniteness Under 35 U.S.C. §112(b);

1

and (3) Defendants' Reply. The Court, having reviewed the relevant briefing, is of the opinion the motion should be **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

Plaintiff filed the above cases, alleging infringement of United States Patent Nos. 7,454,212 ("'212 Patent") and 6,947,748 ("'748 Patent"). On March 12, 2014, the magistrate judge issued a Memorandum Opinion and Order on claim construction. On March 24, 2014, the magistrate judge issued a Report and Recommendation on Defendants' Motion for Summary Judgment of Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(b), recommending Defendants' motion be granted as to Claims 2-4 of the '212 Patent but should be otherwise be denied. Defendants objected to the magistrate judge's Report and Recommendation, asserting Claim 11 of the '748 patent is an impermissible "hybrid" claim and also asserting the "each cluster" limitation in Claims 9-10 of the '212 patent and Claims 8-9 of the '748 patent renders the claims indefinite. The Court overruled Defendants' objection, adopting the magistrate judge's Report and Recommendation as the findings and conclusions of the Court.

## MOTION FOR RECONSIDERATION

On June 23, 2014, Defendants filed a motion for reconsideration of the Court's previous Orders denying Defendants' motion for summary judgment that Claims 8-9 and 11 of the '748 patent and Claims 9-10 of the '212 patent are invalid under 35 U.S.C. § 112 as indefinite. Defendants rely on the Supreme Court's recent decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014), asserting Claims 8-9 of the '748 patent and Claims 9-10 of the '212 patent are indefinite because the "each cluster" limitation in those claims lacks antecedent basis and does not apprise a person of ordinarily skill in the art with reasonable certainty of the scope of the claimed invention.

2

Defendants further assert Claim 11 of the '748 patent is indefinite because it claims both a system and a method for using the system in the same claim; thus, Defendants urge Claim 11 is invalid because it recites an indefinite mix of both apparatus elements and method steps, failing to notify the public with reasonable certainty whether the method steps recited in the claim must be performed in order for infringement to occur.

## ANALYSIS

This Court "is 'free to reconsider and reverse its decision for any reason it deems sufficient.'" *Saqui v. Pride Cent. America, LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010). Reconsideration may be justified based on an intervening change of law. *Century Prods. Co. v. Cosco, Inc.*, 2003 U.S. Dist. LEXIS 1419, at *12, (N.D. Tex. Jan. 31, 2003).

Pursuant to the definiteness requirements set forth recently in *Nautilus*, Defendants first seek reconsideration of the Court's denial of its motion for summary judgment that the term "each cluster" in Claims 9-10 of the '212 Patent and Claims 8-9 of the '748 patent lacks an antecedent basis and does not, when viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty. Specifically, Defendants assert that the claims fail to indicate which "subcarriers" in the preceding claim steps belong to "each cluster."

For the reasons outlined in its November 20, 2014 Memorandum Order Adopting Report and Recommendation of the magistrate judge in Cause Nos. 6:13cv444, -445, and -446, the Court grants Defendants' motion for reconsideration as to the "each cluster" issue. Applying the new standard under *Nautilus*, the recited "set of candidate subcarriers" is not an explicit antecedent basis and is not a reasonably clear implicit antecedent basis. Thus, "each cluster" lacks any clear antecedent basis.

In its motion for reconsideration, Defendants also assert that Claim 11 of the '748 Patent is an impermissible "hybrid" claim.  The arguments presented by Defendants as to this issue have been adequately addressed in the Report and Recommendation.  The Court finds no reason, in the wake of the *Nautilus* decision, to reconsider its May 29 Memorandum Order adopting the findings and conclusions of the magistrate judge as to this issue.  *See In re Maxim Integrated Products, Inc.*, 2014 WL 3696137, at *10 (W.D. Pa. July 23, 2014) ("*Nautilus* did not address indefiniteness based on mixing apparatus and method claim limitations.").  Accordingly, it is

**ORDERED** that Defendants' Motion for Reconsideration of their Motion for Summary Judgment of Invalidity Based on Indefiniteness Under 35 U.S.C. §112(b) (Case No. 6:12-cv-17, Dkt. No. 202)(Case No. 6:12-cv-20, Dkt. No. 219)(Case No. 6:12-cv-120, Dkt. No. 196) is hereby **GRANTED** as to Claims 8-9 of the '748 patent and Claims 9-10 of the '212 patent and **DENIED** as to Claim 11 of the '748 patent**.**

**It is SO ORDERED.**

**SIGNED this 2nd day of December, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE