# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC., </br></br> Plaintiff, </br></br> v. </br></br> AT&T MOBILITY LLC, et al. </br></br> Defendants. | Civil Action 6:12-cv-017-RWS-CMC |
| v. </br></br> PANTECH WIRELESS, INC., et al. </br></br> Defendants. | Civil Action 6:12-cv-020-RWS-CMC |
| v. </br></br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, et al. </br></br> Defendants. | Civil Action 6:12-cv-120-RWS-CMC |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT ON PRECLUSION GROUNDS**

**INTRODUCTION**

**I. Adaptix's Claims Against AT&T and Verizon Are Barred by Both Res Judicata and the *Kessler* Doctrine**. Adaptix had its day in court against AT&T and lost, and Adaptix had its day in court against Verizon and lost. Adaptix now asks this Court to give it another try to go after AT&T and Verizon asserting the same patents against the same LTE industry standard functionality.

Res Judicata (Claim Preclusion). Adaptix fails to challenge three of the four elements of res judicata. Thus, the only issue for the Court is whether Adaptix's claims against the carriers in the present cases are the same as those it brought or could have brought in California. But on this issue, Adaptix does not even attempt to challenge that the allegedly infringing devices here are "essentially the same" as those in the closed California cases. They are, as established by the uniformity of operation under the LTE industry standard. Adaptix brought (and lost) its claims in California. Res judicata bars Adaptix from relitigating them here.

Adaptix attempts to escape res judicata by misstating the relevant law and by citing to inapposite cases and authority. Adaptix also attempts to divert from the merits of the carriers' arguments by pointing to the different device manufacturers involved in Adaptix's cases and by relying on unfounded theories relating to joinder and acquiescence. Adaptix's arguments are red herrings. The test for res judicata is clearly met for the carriers, and Adaptix fails even to attempt to address the substance of this test. Because Adaptix's claims against the carriers here are the same as those Adaptix brought and lost in California, res judicata bars them.

The *Kessler* Doctrine. Independent of res judicata, the *Kessler* doctrine also bars Adaptix's claims against AT&T and Verizon. Application of the *Kessler* doctrine here is appropriate because it would be unfair to subject AT&T and Verizon to multiple infringement suits by Adaptix based on the same patents when Adaptix has already lost on the merits regarding those patents.

**II. Collateral Estoppel (Issue Preclusion) Bars Adaptix from Relitigating Against *Any* Defendant the Issues that It Already Litigated and Lost**. Adaptix is collaterally estopped

from relitigating (1) whether *any* Defendant directly infringes the method claims by selling LTE devices (Adaptix's *SiRF* theory) and (2) whether AT&T and Verizon directly infringe the method claims by allegedly controlling the use of their respective customers' LTE devices. Adaptix's only argument is that Apple and HTC devices were at issue in California but LG and Pantech devices are at issue here. But that is irrelevant to the legal issue of whether the sale of an LTE device infringes a method claim. And Adaptix does not identify any difference in how the LG and Pantech devices operate compared to Apple and HTC devices. Thus, the issue of whether AT&T and Verizon control the use of their respective customers' LTE devices is the same here as it was in California.

**III. There Is No Contributory Infringement**. Adaptix admits, as it must, that there can be no contributory infringement without a direct infringer. Adaptix's suggestion (with no citation) that Judge Grewal ruled that AT&T and Verizon customers directly infringe is baseless. Judge Grewal made no rulings relating to privity, and indeed that question was not before him. The same res judicata and *Kessler* protection that applies to AT&T and Verizon extends to their customers as purchasers of the accused products.

## ARGUMENT

### I. ADAPTIX'S ARGUMENTS REGARDING RES JUDICATA AND THE *KESSLER* DOCTRINE MISS THE MARK

#### A. AT&T and Verizon Are Entitled to Summary Judgment of Non-Infringement Under the Principle of Res Judicata.

The parties agree that a finding of res judicata (claim preclusion) requires four elements to be met in the Fifth Circuit: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *See* D.I. 348,[1] Opp. at 8-9. Adaptix, however, attempts to add to these requirements by asserting that claim preclusion only concerns "splitting" a cause of action, by focusing on joinder

---

[1] Citations are to the -017 docket unless otherwise noted. Similar filings can be found in the -20 and -120 dockets.

2

issues that are completely irrelevant to the claim preclusion question, and by asserting that the carriers "acquiesced" to being sued in multiple actions.

Of the four elements that are required for res judicata to apply, Adaptix concedes, through its silence, that elements (1) through (3) are met here. *See generally* D.I. 348, Opp. at § B. Therefore, the Court need only to determine whether element (4) — whether the same claim or cause of action was involved in both actions — is met. The carriers also respond below to Adaptix's misplaced arguments regarding splitting a cause of action, joinder, and acquiescence.

### 1. The Same Cause of Action Is Involved in These Actions and the Closed California Cases.

The carriers established in Defendants' Opening Brief that the same claim or cause of action was involved in the closed California cases and these cases because the devices in all cases are "essentially the same." *See generally* D.I. 340, Mot. at § I.A.4. Adaptix does not attempt to rebut this showing. Instead, Adaptix improperly relies on an inapposite, *non-precedential* Federal Circuit decision that applied Ninth Circuit law in determining whether claims seeking declaratory judgment of patent unenforceability were identical for res judicata purposes. *See* D.I. 348, Opp. at 17 (citing *Chicago Brand Indus., Inc. v. Mituyo Corp.*, 122 F. App'x 470 (Fed. Cir. 2005) (unpublished table decision). But where the question is whether two patent *infringement* claims are the same, the Federal Circuit's "essentially the same" test applies, not the law of the regional circuit (much less the law of a different regional circuit). *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008) ("Whether two claims for patent infringement are identical is a claim preclusion issue that is 'particular to patent law,' and therefore we analyze it under Federal Circuit law."). After analyzing and applying the proper Federal Circuit case law in their Opening Brief, the carriers conclusively demonstrated that this factor is met in the present cases because the accused devices are in fact "essentially the same" as those that were at issue in the closed California cases. *See generally* D.I. 340, Mot. at § I.A.4. Adaptix did not even attempt to rebut this showing. Given Adaptix's silence as to the other three factors, the carriers have thus shown that all four factors required for res judicata are met here.

### 2. Adaptix's Claim-Splitting Arguments Are Both Wrong and Irrelevant.

Dispensing with the four-factor test for claim preclusion, Adaptix argues that claim preclusion concerns "splitting" a cause of action, and that Adaptix properly split its cases against the carriers by filing separate suits broken down by handset manufacturer such that claim preclusion cannot apply.  *See* Opp. at 9-11.  Not only is Adaptix wrong (it was not necessary or proper for Adaptix to split its claims against each carrier among more than a dozen cases), but its arguments regarding claim-splitting are entirely irrelevant.  Adaptix's claim-splitting analysis ignores the well-established test for determining whether claim preclusion applies—the same test referenced elsewhere in Adaptix's brief.[2]  Adaptix's argument that the Court can instead simply consider whether Adaptix properly "split" its claims is a red herring that ignores the applicable law.  The sole case cited by Adaptix—*Mars*—is inapposite.  *See* Opp. at 9 n.2.  The issue in *Mars* was whether a corporate parent was in privity with its wholly owned subsidiary for purposes of res judicata.  *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 618-19 (Fed. Cir. 1995).  That question of privity is not before this Court, as AT&T and Verizon are the *same* parties that prevailed in California.  *Mars* does not hold, as Adaptix contends, that res judicata concerns only splitting a cause of action and that the test for res judicata can otherwise be ignored.  Adaptix's claim-splitting argument therefore does nothing to rebut AT&T and Verizon's arguments in support of res judicata in these cases.

### 3. Adaptix's Remaining Arguments Against Res Judicata Ignore Controlling Authority.

#### a. The AIA Is Irrelevant to the Res Judicata Inquiry.

Adaptix devotes much of its opposition to a discussion of how the AIA and its joinder provisions should preclude the application of res judicata here.  *See* D.I. 348, Opp. at 12-14.  But nothing in the AIA purports to overturn well-settled law regarding res judicata, and nothing in the AIA prevented Adaptix from bringing all of its claims against AT&T or Verizon in a single

---

[2] Both sides cite to the Fifth Circuit's four-factor claim preclusion test in combination with the Federal Circuit's substantive patent law inquiry for the "identity of the claims" factor.  *See* D.I. 340, Mot. at 11; D.I. 348, Opp. at 8-9.

4

case. While the AIA may have prevented Adaptix from joining *handset manufacturers* together, it does not permit Adaptix to bring serial suits against *AT&T* or *Verizon* for infringement of the same patents based on the same or essentially the same devices. Adaptix has already lost on the merits against AT&T and Verizon, and its claims against the carriers here should therefore be dismissed. Tellingly, Adaptix's arguments relating to joinder do not even mention AT&T or Verizon, instead focusing entirely on the different handset manufacturers. *See generally* D.I. 348, Opp. at 12-14. Again, Adaptix's claims against the carriers, AT&T and Verizon, should be dismissed because they are barred by res judicata. The AIA is irrelevant to this inquiry.

### b. The Carriers Did Not Acquiesce to the Filing of Multiple Suits Against Them.

Adaptix cites to portions of the Restatement (Second) of Judgments for the proposition that the carriers acquiesced in the filing of multiple suits against them, and argues that an exception to the normal principles of claim preclusion applies here. D.I. 348, Opp. at 15-16. Adaptix, however, identifies no evidence of acquiescence by either carrier. This lack of evidence is not surprising, because the carriers *have* objected to the serial suits against them, and even argued this fact in support of their motion for attorneys' fees in the closed California cases. *See*, *e.g.*, 5:13-cv-1776, Dkt. 486 at 22-24. Adaptix cites no precedent applying an acquiescence exception to claim preclusion on facts analogous to those here.

### 4. Adaptix's Attempt to Temporally Limit the Scope of Claim Preclusion Also Fails.

Adaptix further argues that claim preclusion would not affect Adaptix's rights (a) arising during the pendency of the closed California cases; and (b) following final judgment in the closed California cases. *See* D.I. 348, Opp. at. 18-21. Both arguments lack merit.

As explained in Defendants' Opening Brief, controlling Federal Circuit authority dictates that res judicata (claim preclusion) applies where the products are "essentially the same" as those in the previous suit—even when the products in the second suit were not available until after final judgment in the first suit. Opening Br. at 15. Thus, under *Foster* and *Nystrom*, it does not

5

matter whether the devices in these actions were made or sold during the pendency of the closed California cases or after final judgment in the closed California cases; claim preclusion applies because the devices are "essentially the same" in both sets of cases. The recent panel decisions in *Aspex* and *Brain Life* cannot be reconciled with the earlier controlling Federal Circuit precedent. A district court looking at this issue recently confirmed this, observing:

> For at least two decades, the Federal Circuit has held that judgment on a claim of infringement against a product bars a later infringement claim against a different product if the two products are "essentially the same." *Nystrom v. Trex Co., Inc.*, 580 F.3d 1281, 1285 (Fed. Cir. 2009); *Roche Palo Alto LLC v. Apotex, Inc.*, 531 F.3d 1372, 1379 (Fed. Cir. 2008); *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 479–80 (Fed. Cir. 1991). By contrast, in two recent, three-judge panel opinions, the court has held that claim preclusion does not bar an infringement claim against a product that did not exist as of the prior judgment, "essentially the same" or not. *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1054 (Fed. Cir. 2014); *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1342 (Fed. Cir. 2012). Synopsys correctly observes that the *Foster* line of cases cannot be reconciled with *Aspex* and *Brain Life*. (Supp. Resp. [502] at 2–3.) Because one three-judge panel cannot overrule another, *Newell Cos., Inc. v. Kenny Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988), *Foster* controls until the Federal Circuit sitting en banc says otherwise. Mentor Graphics's counterclaims are barred if they accuse products that are "essentially the same" as those accused in the 2006 action.

*Mentor Graphics Corp. v. EVE-USA, Inc.*, No. 3:10-CV-954-MO, 2014 WL 2533336, at *1 (D. Or. June 4, 2014).[3] This Court should similarly apply the controlling authority of the *Foster/Nystrom* line of cases, which establishes that Adaptix's claims against the carriers are barred for alleged infringements occurring both before *and* after the final judgment in the closed California cases. *See, e.g., Nystrom v. Trex Co., Inc.*, 580 F.3d 1281, 1285 (Fed. Cir. 2009).

  **B. The Carriers Also Are Entitled to Summary Judgment of Non-Infringement Under the *Kessler* Doctrine.**

---

[3] *Aspex* cannot be reconciled with *Nystrom* as Adaptix argues in its brief. D.I. 348, Opp. at 20 n.5. *Nystrom* applied the Federal Circuit's law of claim preclusion, not issue preclusion. *See Nystrom*, 580 F.3d at 1285 ("For **claim preclusion** in a patent case, an accused infringer must show that the accused product or process is 'essentially the same' as the accused product or process in the first suit.") (citing *Foster*, 947 F.2d at 480) (emphasis added); *id.* (noting that the case "presents a slightly new angle on **claim preclusion**") (emphasis added); *id.* at 1286 (noting that colorable differences in the products "do not alter the application of **claim preclusion**") (emphasis added). Indeed, *Nystrom* barred the plaintiff's doctrine of equivalents claims, which had not been previously litigated and thus would not have been barred under issue preclusion. *See id.* at 1286.

6

Adaptix's claims against the carriers, AT&T and Verizon, are also barred by the *Kessler* doctrine, independent of res judicata. AT&T and Verizon seek a straight-forward application of the *Kessler* doctrine to facts that are beyond dispute. In the closed California cases, the court found that the asserted patent claims were not directly infringed because Adaptix failed to prove that all of the claimed method steps are performed by AT&T or Verizon. *See* D.I. 340, Mot. at Statement of Undisputed Material Facts §1(c).[4]

As an initial matter, Adaptix argues that the *Kessler* doctrine only applies with respect to specific *products* that were held to be noninfringing, and not to methods. *See* D.I. 348, Opp. at 22. However, *Brain Life* makes clear that the *Kessler* doctrine is not limited to apparatus claims. There, the Federal Circuit held that the patentee was barred from asserting *method* claims against the defendant. *Brain Life,* 746 F.3d at 1058. The court explained that *Kessler* applied because the patentee's infringement theory targeted "the same allegedly infringing commercial activity" as in the first suit, even though the first suit had involved apparatus claims. *Id*. at 1058 n.2.

Moreover, as recognized in *Brain Life*, devices acquire the "status as noninfringing devices" "by virtue of gaining a ***final judgment*** of noninfringement in the first suit." *Brain Life*, 746 F.3d at 1058 (emphasis added). *Brain Life* did not expressly limit the *Kessler* doctrine based on *how* the final judgment of noninfringement was reached. Indeed, in an early decision applying *Kessler*, a court held that the *Kessler* doctrine barred a plaintiff's second suit, even though no determination of non-infringement had been made in the earlier suit. *Molinaro v. Am. Tel. & Tel. Co*., 460 F. Supp. 673, 676 (E.D. Pa. 1978) ("Our analysis of the applicability of the Kessler doctrine is not altered by the fact that the infringement question in the instant case was not actually litigated in the Delaware suit."). Notably, the Federal Circuit cited the *Molinaro* decision for the premise that accused devices acquire the "status of noninfringements" when the accused infringer prevails. *See Young Engineers*, 721 F.2d 1305, 1316, n.8 (Fed. Cir. 1983).

Adaptix next asserts that the California court "did not find the accused products in the

---

[4] Adaptix does not dispute the facts set forth in Defendants' Statement of Material Facts. *See* D.I. 348, Opp.

California action noninfringing." D.I. 348, Opp. at 22. This statement is misleading. Adaptix is referring to the California court's denial of one of Defendants' motions for summary judgment of noninfringement. But the fact that one motion was denied is irrelevant because the California court went on to grant other summary judgment motions, finding noninfringement of all asserted claims and dismissing the actions in their entirety with prejudice. *See* D.I. 340, Mot. at Statement of Undisputed Material Facts § 1(c). Now, in this lawsuit, Adaptix is attempting to assert the same patents, including the same claims, against essentially the same products and activities. *See id.* at § 3. Under the *Kessler* doctrine, Adaptix's claims may not proceed. The judgment of non-infringement in the prior suits protects AT&T and Verizon and prevents Adaptix from pursuing serial claims based on "essentially the same" activity. *See, e.g., Brain Life*, 746 F.3d at 1056 (Kessler "allow[s] an adjudged non-infringer to avoid repeated harassment"); *SpeedTrack, Inc. v. Office Depot, Inc.*, No. C 07-3602 PJH, 2014 WL 1813292, at *9 (N.D. Cal. May 6, 2014) (granting summary judgment based on the *Kessler* doctrine: "[i]n short, by failing to prevail in its infringement suit against Wal-Mart, SpeedTrack lost the right to assert any claims of the '360 patent against any customers of Endeca who use the accused software in 'essentially the same' manner as did Wal-Mart.").

Because there is no genuine issue of material fact regarding application of the *Kessler* doctrine to this case, this Court should grant summary judgment in favor of AT&T and Verizon.

## II. COLLATERAL ESTOPPEL BARS ADAPTIX FROM RELITIGATING DIRECT INFRINGEMENT OF THE METHOD CLAIMS AGAINST ALL DEFENDANTS

Under the doctrine of collateral estoppel, Adaptix is barred from relitigating issues it litigated and lost in California: (1) that any Defendant (AT&T, Verizon, LG, or Pantech) directly infringes the method claims by selling LTE devices (Adaptix's *SiRF* theory) and (2) that AT&T and Verizon directly infringe the method claims by allegedly controlling the use of their respective customers' LTE devices. *See* Mot. at 21-24. In its opposition, Adaptix does not dispute prongs two through four of the test to determine whether Adaptix is collaterally estopped ("actually litigated," "necessary to judgment," and "full and fair opportunity to litigate").

Adaptix only disputes that the issues here are identical to issues decided in California. Adaptix is incorrect.

First, Adaptix argues that "there can be no issue preclusion for infringement by use of *another* manufacturer's accused products never at issue in the first action, irrespective of the similarity to products in the first action." Opp. at 8 (emphasis in original). That, of course, is incorrect, as it would mean that only the prevailing party in the prior action could invoke collateral estoppel. This completely misunderstands the notion of collateral estoppel, as it was designed to apply to *issues*.[5] Indeed, there are many cases in which "another manufacturer" (a non-party) has successfully invoked collateral estoppel.[6] In support of its position, Adaptix relies only on *Brain Life*. This is downright perplexing, because the *Brain Life* court went out of its way to note that collateral estoppel indeed applied to any new products that are "not materially different." *Brain Life*, 746 F.3d at 1055.[7] The language that Adaptix quotes relates to the specific facts of the *Brain Life* case—namely, that the accused infringer's prior victory against the patentee's *apparatus claims* would not have an estoppel effect against the *method claims* in the second case. Opp. at 8 (quoting *Brain Life*, 746 F.3d at 1055). Here, by contrast, Defendants seek to enforce the preclusive effect of the prior victory involving Adaptix's method claims against those very same method claims.

Second, Adaptix argues that it is not precluded from "argu[ing] issue preclusion as to direct infringement by [Defendants'] *employees' use* of either the LG or Pantech handsets." Opp. at 7 (emphasis added). It is not clear, however, why Adaptix makes this argument, because

---

[5] *See*, *e.g. Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ("[I]t is the **identity of the issues that were litigated** that determines whether collateral estoppel should apply.") (internal citations omitted) (emphasis added); *Gibson v. U.S. Postal Serv.*, 380 F.3d 886, 890 (5th Cir. 2004) ("[I]f a litigant has fully and fairly litigated an issue and lost, then third parties unrelated to the original action can bar the litigant from re-litigating that same issue in a subsequent suit.") (internal quotations omitted).

[6] *See*, *e.g.*, *Gibson*, 380 F.3d at 890.

[7] *See id.* ("MIDCO, Brain Life's predecessor, unsuccessfully asserted the apparatus claims against Elekta in the MIDCO Litigation. Brain Life has not asserted the apparatus claims against Elekta in the current suit. To the extent it had, the trial court's findings that Elekta's own products . . . were not materially different from the products at issue in the MIDCO Litigation would bar it from asserting those claims.").

this has nothing to do with its direct infringement theory,[8] and is not one of the issues that Defendants argued was barred by collateral estoppel in this case. *See* Mot. at 21-24.

## III. BECAUSE THE CARRIERS AND THEIR CUSTOMERS DO NOT DIRECTLY INFRINGE, LG AND PANTECH CANNOT BE LIABLE FOR CONTRIBUTORY INFRINGEMENT

The manufacturers—LG and Pantech—cannot be liable for contributory infringement. Such infringement requires a downstream direct infringer, but there are none for three reasons.

First, res judicata, the *Kessler* doctrine, and collateral estoppel each preclude a finding of direct infringement by the carriers. Mot. at 24. In response, Adaptix only repeats the arguments that it made in response to each of these preclusion doctrines, addressed *supra*.

Second, the carriers' customers cannot directly infringe, as they enjoy the res judicata effect of the California court's decision. Id. at 24-25. Without citing any authority, Adaptix disputes that there is a claim that was decided in the carriers' favor from which the customers could benefit. Opp. at 23. Adaptix is wrong, as Judge Grewal entered final judgment in favor of the carriers "on all of Adaptix's claims for infringement." Mot. at 7. Also, Adaptix's argument misses the point elaborated in privity cases that Defendants cite (Mot. at 24-25), such as *Int'l Nutrition* (Fed. Cir.), *Russell* (5th Cir.), and *Guerro* (D.C. Cir.)—cases conspicuously absent from Adaptix's opposition. It would be absurd not to extend the res judicata effect of an original property owner's victory to that same property's purchaser, which would in effect undermine the original victory. If a property seller can sell, the buyer can buy.

Third, the *Kessler* doctrine extends to the customers as well. Opp. at 25-26. Adaptix does not dispute that the *Kessler* doctrine extends to customers, even if it (wrongly) disputes the applicability of the doctrine generally (addressed *supra*).

## CONCLUSION

Accordingly, Defendants respectfully request that the Court grant their motion.

---

[8] Adaptix did not file its Complaint naming any of Defendants' employees. Nor do Adaptix's infringement contentions express any "the employees did it" theory of direct infringement for the method claims. Indeed, such a theory would be inconsistent with Adaptix's current theory, which seeks liability and damages for *all* accused devices sold in the U.S., not solely devices allegedly used by Defendants' employees.

Dated: April 9, 2015              ORRICK, HERRINGTON & SUTCLIFFE LLP
                                  By:  */s/ Travis Jensen*

    Alex V. Chachkes, State Bar No. NYS 3035078
    ORRICK, HERRINGTON & SUTCLIFFE, LLP
    51 West 52nd Street
    New York, NY 10019-6142
    Telephone: (212) 506-5000
    Facsimile: (212) 506-5151
    Email: achachkes@orrick.com

    Travis Jensen, CA Bar No. 259925
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
    Menlo Park, CA 94025-1015
    Telephone: (650) 614-7400
    Facsimile: (650) 614-7401
    Email: tjensen@orrick.com

    ATTORNEYS FOR DEFENDANTS AT&T MOBILITY LLC, LG ELECTRONICS, INC., AND LG ELECTRONICS USA, INC.

By:  */s/ Geoffrey M. Godfrey*

Mark D. Flanagan
Robert M. Galvin
Geoffrey M. Godfrey
Cortney C. Hoecherl
S. Dennis Wang
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 858-6000
Fax: (650) 858-6100
mark.flanagan@wilmerhale.com
robert.galvin@wilmerhale.com
geoff.godfrey@wilmerhale.com
cortney.hoecherl@wilmerhale.com

        Michael E. Jones
        John F. Bufe
        Allen F. Gardner
        Patrick C. Clutter, IV
        POTTER MINTON, P.C.
        110 North College, Suite 500
        Tyler, TX 75710
        Phone: (903) 597-8311
        mikejones@potterminton.com
        patrickclutter@potterminton.com

        ATTORNEYS FOR DEFENDANT AND
        COUNTERCLAIM-PLAINTIFF CELLCO
        PARTNERSHIP D/B/A VERIZON WIRELESS

        By: */s/Alan A. Wright*
        Alan A. Wright
        Brendan P. O'Shea
        **HC Park & Associates PLC**
        1894 Preston White Drive
        Reston, VA  20191
        Tel: (703) 288-5105
        Fax: (703) 288-5139

        Melissa Richards Smith
        **Gillam & Smith, LLP**
        303 South Washington Avenue
        Marshall, TX  75670
        Tel: (903) 934-8450
        Fax: (903) 934-9257

        ATTORNEYS FOR DEFENDANT AND COUNTERCLAIM-
        PLAINTIFF PANTECH WIRELESS, INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email on April 9, 2015.

Dated:  April 9, 2015                             */s/ Travis Jensen*

                                                                Travis Jensen